UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. DAVID A. FRANKLIN, Defendant. | CASE NO. 2:20-CR-98 <br> JUDGE MORRISON <br><br> INFORMATION <br><br> 26 U.S.C. § 7202 <br> 26 U.S.C. § 7206(1) <br> 18 U.S.C. § 1343 <br><br> FORFEITURE ALLEGATION |

THE UNITED STATES ATTORNEY CHARGES:

All dates and times in this Information are alleged to be "on or about," "in and around," or "through and including" the specific dates stated.

GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise stated:

1. From 1985 through 2016, Defendant **DAVID A. FRANKLIN** was the Comptroller of the Catholic Diocese of Steubenville. In this capacity, Defendant **DAVID A. FRANKLIN** was responsible for a variety of financial duties of the Diocese of Steubenville, as well as two related entities: the Office of Social Ministry—Diocese of Steubenville (the "Office of Social Ministry"), and the Mount Calvary Cemetery Association. These duties included withholding federal income taxes, Social Security taxes, and Medicare taxes (collectively, "payroll taxes") from employee paychecks; accounting to the Internal Revenue Service for the withheld payroll taxes; and paying over these payroll taxes to the Internal Revenue Service.

2. Defendant **DAVID A. FRANKLIN** also was solely responsible for controlling bank accounts, paying bills, collecting money, maintaining books and records, and preparing state tax returns and paying all state taxes for the Diocese of Steubenville, the Office of Social Ministry—Diocese of Steubenville, and the Mount Calvary Cemetery Association (collectively, the "Diocesan Entities"). Defendant **DAVID A. FRANKLIN** owed a duty to the Diocesan Entities to act in their best interests and to use their funds solely in the interests of the Diocesan Entities.

3. From 2004 through 2016, Defendant **DAVID A. FRANKLIN** caused payroll taxes to be withheld from employee paychecks for the Diocese of Steubenville and the Office of Social Ministry—Diocese of Steubenville, but he did not pay the withheld funds over to the Internal Revenue Service. From 2013 through 2016, Defendant **DAVID A. FRANKLIN** caused payroll taxes to be withheld from employee paychecks for the Mount Calvary Cemetery Association, but he did not pay the withheld funds over to the Internal Revenue Service.

4. As a result of the actions of Defendant **DAVID A. FRANKLIN**, the Diocesan Entities had to pay and did pay the Internal Revenue Service $2,778,462.68 in withheld payroll taxes and the employer portion of the employment taxes that he had caused not to be paid over. This figure does not include interest or penalties.

5. As a result of the actions of Defendant **DAVID A. FRANKLIN**, the Diocesan Entities had to pay and did pay interest and penalties to the Internal Revenue Service that they would not have had to pay had Defendant **DAVID A. FRANKLIN** carried out his duty to truthfully account for and pay over the payroll taxes. The interest and penalties paid by the Diocesan Entities totaled:

| Entity | Amount of Interest and Penalties Paid |
|---|---|
| Diocese of Steubenville | $810,585.38 |
| Office of Social Ministry | $ 69,709.14 |
| Mount Calvary Cemetery Association | $119,418.27 |

6. From 2008 through 2017, at the same time that Defendant **DAVID A. FRANKLIN** was failing to truthfully account for and pay over payroll taxes, as described above, he embezzled funds of the Diocesan Entities—that is, he stole funds placed in his trust by the Diocesan Entities. Defendant **DAVID A. FRANKLIN** did so by preparing several checks to be issued to himself beyond his normal salary. The total amount of embezzled funds was $299,500.

7. Defendant **DAVID A. FRANKLIN** did not claim the embezzled payments as income on his federal tax returns, which resulted in a loss to the Internal Revenue Service. For tax years 2013 through 2016, the tax loss as a result of his income understatements totaled $33,672.25.

## COUNT 1
### (Willful Failure to Account for and Pay Over Employment Tax)

8. Paragraphs 1 through 7 are incorporated here.

9. On October 31, 2016, in the Southern District of Ohio, Defendant **DAVID A. FRANKLIN** willfully failed to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and the Federal Insurance Contributions Act taxes due and owing to the United States on behalf of the Catholic Diocese of Steubenville and its employees for the third quarter of 2016, ending September 30, 2016.

**In violation of 26 U.S.C. § 7202.**

## COUNT 2
### (Making and Subscribing a False Return)

10. Paragraphs 1 through 9 are incorporated here.

11. On April 15, 2017, in the Southern District of Ohio, Defendant **DAVID A. FRANKLIN**, a resident of Steubenville, Ohio, did willfully make and subscribe a United States Individual Tax Return, Form 1040, for tax year 2016, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. In the income tax return, which was filed with the Internal Revenue Service, Defendant **DAVID A. FRANKLIN** falsely reported his taxable income was $65,707, when in truth and in fact, as he then well knew and believed, he had received substantial additional income in tax year 2016.

**In violation of 26 U.S.C. § 7206(1).**

## COUNT 3
### (Wire Fraud)

12. Paragraphs 1 through 11 are incorporated here.

### The Scheme to Defraud

13. Defendant **DAVID A. FRANKLIN**, in violation of his duties to the Diocesan Entities, embezzled funds from the Diocesan Entities.

14. From at least February 1, 2008, through at least December 16, 2016, in the Southern District of Ohio and elsewhere, Defendant **DAVID A. FRANKLIN** devised and intended to devise a scheme to defraud the Diocesan Entities, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### The Wire

15. It was part of the scheme to defraud that Defendant **DAVID A. FRANKLIN** deposited checks from the Diocesan Entities to accounts in his control. The process of clearing

4

the checks from the Diocesan Entities' bank accounts to accounts in the control of Defendant **DAVID A. FRANKLIN** caused wire communications in interstate and foreign commerce, in furtherance of the scheme to defraud.

16. On July 5, 2016, in the Southern District of Ohio and elsewhere, Defendant **DAVID A. FRANKLIN**, for the purpose of executing the above-described scheme and artifice to defraud, and in attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds—namely, wire communications as part of the process to clear a $5,000 check from the Diocese of Steubenville to Defendant **DAVID A. FRANKLIN**.

**In violation of 18 U.S.C. § 1343.**

## FORFEITURE ALLEGATION

17. Paragraphs 1 through 16 are incorporated here.

18. Upon conviction of the violation of 18 U.S.C. § 1343 as set forth in Count 3 of this Information, Defendant **DAVID A. FRANKLIN** shall forfeit to the United States, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property constituting or derived from proceeds traceable to such violation, including but not limited to a sum of money equal to $299,500 in United States currency in the form of a forfeiture money judgment.

19. *Substitute Assets.* If any of the above-described forfeitable property, as a result of any act or omission of Defendant **DAVID A. FRANKLIN**:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, in accordance with 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **DAVID A. FRANKLIN**, up to the value of the forfeitable property described above.

      **Forfeiture in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

                                  DAVID M. DEVILLERS
                                  UNITED STATES ATTORNEY

                              */s/ Peter K. Glenn-Applegate*
                              PETER K. GLENN-APPLEGATE (0088708)
                              Assistant United States Attorney